THIS ORDER IS APPROVED.

Dated: July 17, 2018

*Scott H. Gan, Bankruptcy Judge*

**LAW OFFICES OF BRIDEGROOM & HAYES**
1656 North Columbus Boulevard
Tucson, AZ 85712
(520) 792-0600
bruce.bridegroom@gmail.com

Bruce D. Bridegroom, Attorney for Debtor
Bar No. 002649

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>JACOB PALAFOX,<br><br>Debtor. | Chapter 13<br><br>Case No. 4:17-bk-03381-SHG<br><br>**STIPULATED ORDER CONFIRMING FIRST AMENDED CHAPTER 13 PLAN** |

The First Amended Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the First Amended Plan of the Debtor as follows:

(A) **INCOME SUBMITTED TO THE FIRST AMENDED PLAN.** Debtor shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) Future Earnings or Income. Debtors shall make the following monthly Plan payments:

$1,110.00 each month for months 1 through 13.  (05/2017 - 05/2018)
$1,125.00 each month for months 14 through 60. (06/2018 - 04/2022)

The Debtor's plan payments commence on May 4, 2017. All subsequent payments are due on or before the last day of each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before a discharge can be entered. This requirement is effective regardless of plan payment suspensions, waivers or moratoriums, and must be included in any Stipulated Order Confirming.

The provisions in the Debtor's plan take precedence over the provisions in the plan analysis. Any excess funds arising from this provision will result in extra dividends to general unsecured creditors.

All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

Page 1                      Case No. 4-17-bk-03381-SHG

The Debtor shall provide, directly to the Trustee copies of **federal** and **state** income tax returns for post-petition years within 30 days of filing them. The purpose is to assist the Trustee in determining any change in debtor's annual disposable income.

    (2)    Other Property. **The Debtor shall provide, directly to the Trustee federal and state income tax refunds in excess of $1,000.00 for post-petition years, as supplements to the plan. In the event that other property is submitted, it shall be treated as supplemental payments.** In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(B)    **DURATION.** This Plan shall continue for **60 months** from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

(C)    **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors in the following order:

(1)    Administrative expenses:

Attorney Fees. Bruce D. Bridegroom, shall be allowed total compensation of $3,840.00. Counsel received $840.00 prior to filing this case and will be paid $3,000.00 by the Chapter 13 Trustee.

(2)    Claims Secured by Real Property:

    (a)    Debtor is curing pre-petition arrears of $9,572.96 to Ocwen Loan Servicing.

    (b)    Debtor will pay Ocwen Loan Servicing $1,300.00 for its Post Petition Mortgage Fees, Expenses and Charges.

    (c)    The amounts of the conduit payments are approximate. Per the standing order on conduit mortgage payments, the mortgage payments may change during the pendency of the case.

    (d)    Trustee will pay conduit mortgage payments to Ocwen Loan Servicing for months 1 through 60 of the plan for a total of 60 monthly mortgage payments.

    (e):    The conduit shall be paid by Trustee through the plan beginning in month 1 (May 2017) of the plan for the mortgage payment due to creditor on May 1, 2017. The conduit shall be paid through the plan for a total of 60 monthly mortgage payments. For any month where the balance on hand in Debtor's account is insufficient to allow disbursement of the conduit payment, the amount due for that month will be paid to creditor on the next regular disbursement date when Debtor's account balance has sufficient funds.

(3)    Claims Secured by Personal Property:

Page 2    Case No. 4-17-bk-03381-SHG

(a) Automotive Partners Funding, secured by a lien on a 2008 Lincoln MKZ (VIN: 3LNHM26T78R649189) shall be paid $7,021.85 with 6.50% interest. The creditor will receive adequate protection payments of $71.00 per month. The balance of the claim shall be classified as an unsecured non-priority claim.

(4) Unsecured Priority Claims:

(a) The Arizona Department of Revenue shall be paid the sum of $178.04 for the Debtor's 2014 tax obligation through the plan.

(5) **Surrendered Property.** Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

| Claimant | Property to be surrendered |
|---|---|
| Conn Appliances Inc. | 65" curved 1080p 24, Sound Plate & PS4 BDL KZ Knack NB |

(6) <u>Other Provisions:</u> NONE

(7) <u>Unsecured Nonpriority Claims.</u> All other claims shall be classified as unsecured and nonpriority. Such claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328(a).

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation.

---

**DATED AND SIGNED ABOVE**

---

Approved as to Form and Content By:

_/s/_ APPROVED By Dianne Crandell Kerns at 8:44 am, Jul 17, 2018

Dianne C. Kerns, Trustee

_/s/_ #027114 5/31/18
Assistant Attorney General for the CJD
Arizona Department of Revenue
Christopher J. Dylla, Esq.
Attorney for the CJD

_/s/_
Bruce D. Bridegroom
Attorney for Debtor

Page 3      Case No. 4-17-bk-03381-SHG

Case 4:17-bk-03381-SHG  Doc 331  Filed 07/17/18  Entered 07/17/18 14:12:45  Desc
Main Document   Page 3 of 4

Case 4:17-bk-03381-SHG  Doc 303  Filed 06/04/18  Entered 06/04/18 12:06:47  Desc
proposed Stipulated Order Confirming First Amended Chapter 13 Plan   Page 3 of 4

# PLAN ANALYSIS

**(A)** Plan Payment Summary. If there is a discrepancy between the plan and the plan analysis, then the provisions of plan as confirmed control.

    (1) Trustee's Compensation (10% of Total of Plan Payments to Trustee): . . $6,730.50
    (2) Administrative Expenses (§ (C)(2)) . . . . . . . . . . . . . . . . . . . . . . . . . . $3,000.00
    (3) Leases and Executory Contracts (§ (C)(3)) . . . . . . . . . . . . . . . . . . . . . . $0.00
    (4)(a) Conduit Mortgage Payments (§ (C)(4)(c)) . . . . . . . . . . . . . . . . . . . $38,022.63
    (4)(b) Arrearage Claims Secured Solely by Real Property (§ (C)(4)(c)). . . . . . . $9,752.96
    (4)(c) Postpetition Mortgage Fees, Expenses, and Charges . . . . . . . . . . . . . . . . $1,300.00
    (5)(a) Claims Secured by Personal Property or Combination of Real & Personal Property (§ (C)(5)) - Unmodified. . . . . . . . . . . . . . . . . . . . . . . . $0.00
    (5)(b) Claims Secured by Personal Property or Combination of Real & Personal Property (§ (C)(5)) - Modified. . . . . . . . . . . . . . . . . . . . . . . . $8,320.87
    (6) Priority Unsecured Claims (§ (C)(6)) . . . . . . . . . . . . . . . . . . . . . . . . . . . $178.04
    (7) Unsecured Nonpriority Claims (§ (c)(7)) . . . . . . . . . . . . . . . . . . . . . . . . . $0.00
    (8) Total of Plan Payments to Trustee . . . . . . . . . . . . . . . . . . . . . . . . . . . $67,305.00

**(B)** <u>Section 1325 analysis.</u>

    (1) Best Interest of Creditors Test:
        (a) Value of debtor's interest in nonexempt property. . . . . . . . . . . . . . . . . $0.00
        (b) Plus: Value of property recoverable under avoiding powers . . . . . . . $0.00
        (c) Less: Estimated Chapter 7 administrative expenses . . . . . . . . . . . . . $0.00
        (d) Less: Amount payable to unsecured, priority creditors. . . . . . . . . . . $0.00
        (e) **Equals:** Estimated amount payable to unsecured, nonpriority claims if debtor filed Chapter 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . $0.00

    (2) Section 1325(b) Analysis:
        (a) Amount from Line 14, Form B22C, Statement of Current Monthly Income . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $2,23.00
        (b) Less: Total of Schedule J . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $2,269.00
        (c) Subtotal (CMI-J) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $(38.00)
        (d) Applicable Commitment Period . . . . . . . . . . . . . . . . . . . . . . . . . . x 36
        (e) (c) x (d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $0.00

**(C)** Estimated Payment to Unsecured, Nonpriority Creditors Under Plan . . . . . . . . . . . $0.00

Case 4:17-bk-03381-SHG Doc 33 Filed 07/17/18 Entered 07/17/18 14:12:45 Desc
Case 4:17-bk-03381-SHG Doc 30 Filed 06/04/18 Entered 06/04/18 12:06:47 Desc
proposed Stipulated Order Confirming First Amended Chapter 13 Plan Page 4 of 4
Main Document Page 4 of 4